[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
There are two actions to be decided before the court; a dissolution of marriage action commenced October 9, 2001 (FA01 0387042S) and a custody and visitation action commenced October 22, 2001 (FA01 0387452S) The first action was brought by the plaintiff wife; the second action by the plaintiff father. The parties were married on August 12, 1999, in Bridgeport. One child was born to the parties prior to the date of that marriage: Lillianna K. Suner born July 4, 1998. Mr. Suner has stated during the course of the trial of this matter that he would like a DNA test to determine whether Lillianna is really his daughter. In his answer dated December 27, 2001, he admits the allegations of paragraph 5 of the complaint in the dissolution action. He has also alleged in paragraph 1 of his complaint seeking custody and visitation that he is the father of the minor child Lillianna.
The day after the parties were married Mr. Suner was sentenced to a term of imprisonment of fifteen years suspended after five years and eight months. At the time of this proceeding, he was an inmate in Cheshire. It is anticipated that he will be released to a half way house in Waterbury on November 27, 2002.
Hereafter references to the plaintiff and defendant are references to the parties in the dissolution action. At the time the defendant was incarcerated, the minor child Lillianna was but one year old. She is now four years old. The plaintiff during all of this time has been the primary care giver of the child. She moved in with her parents who have helped her financially and with care for the child. She fed her, bathed her and did everything for the child. A study has been done by Family Relations and it is their recommendation that the plaintiff have sole legal and physical custody of Lillianna.
On visitation, an order was entered on November 8, 2001, that the defendant might call the child on Sunday mornings between 9:00 and 10:00 a.m. with no calls to last more than fifteen minutes. The defendant has CT Page 13237 been making those calls. It is the recommendation of family relations that this order continue and there be no visitation while the defendant is incarcerated. It is recommended that upon the defendant's release visitation be supervised until the child becomes familiar with her father.
Based upon all the evidence, the court finds that it is in the child's best interest to be in the sole custody of her mother and finds further that it is in the best interest of the child that visitation with her father be supervised until the child becomes familiar with her father and feels comfortable with him.
The plaintiff is currently employed as a bartender on a part time basis and earns $143 per week. She receives $103 per week from the State of Connecticut and $36.00 per week in food stamps. She reports liabilities of $8,092 and no assets other than clothing, jewelry and furniture.
The defendant has no assets, no liabilities and no income. He does, however, have a claim against Amresco Mortgage Company on a fire loss. On August 17, 1999, the. building in which the parties had been living was destroyed by fire. Thirty-eight Thousand One Hundred Sixty-three Dollars ($38,163) was paid by homeowners insurance. Ten percent of this sum was charged by the adjuster leaving a net of Thirty-Four Thousand Three Hundred Dollars ($34,300) (see plaintiff's exhibits A, B and C).
The money received by the defendant for contents amounted to $9,770 less a ten percent commission for the adjustor for a net amount of $8,793. of the total property lost, the plaintiff claims $9,845. The defendant received 73 percent of the total personal property lost. There has been no evidence why this reduction was made by the insurance company. The plaintiff, therefore, cannot be entitled to any more than 73 percent of her claimed loss less ten percent. This results in an amount of $7,186 less ten percent for a total of $6,468.
The plaintiff also claims one half of the final bill from Southern New England Telephone, one half of the final bill from the gas company, one half of the final bill from Cablevision and one half of a bill to Roto Rooter. The total claimed by the plaintiff therefore amounts to $7,168.
The amount received by the defendant for the building loss was paid to Amresco Mortgage Company and the defendant. (See plaintiff's exhibit G.) The amount received for the personal property loss paid for expenses and liabilities owed by the defendant. The defendant has testified that he has a claim against the mortgage company and that the matter is in the hands of his attorney. CT Page 13238
The plaintiff is pregnant with child. The defendant is not the father of that child and has no responsibility for its support.
The Attorney General's office has entered an appearance. The defendant is to notify the office of Social Services upon his release from incarceration. The Family Support Magistrate's office will determine the arrearage owed to the state. The defendant must advise Social Services of the address where he may be contacted.
The court has considered all of the evidence including the testimony of the parties and the exhibits. The court has also considered the factors of §§ 46b-81, 46b-82, and 46b-84 of the General Statutes together with the appropriate case law. Having considered the foregoing, the court finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are true.
3. The marriage of the parties has broken down irretrievably.
4. The plaintiff is pregnant with a child.
5. The defendant is not the father of that child.
The court enters the following orders:
1. A decree of dissolution of marriage shall enter on the grounds of irretrievable breakdown of the marriage.
2. Sole legal and physical custody of the minor child shall be with the plaintiff. There shall be no visitation while the defendant is incarcerated. The defendant may call the child, reversing the charges, every Sunday, between the hours of 9:00 a.m. and 10:00 a.m. with the calls lasting, at maximum, fifteen minutes. The call shall be made to the maternal grandparents' home. The defendant shall reimburse the maternal grandparents for the telephone calls within three (3) weeks of receiving a photocopy of the telephone bill. Upon the defendant's release from prison, he shall be entitled to supervised visitation with the minor child, such visitation to be supervised by either the child's mother or the child's maternal grandparents or both. Such supervised visitations shall be no longer than two (2) hours and shall take place upon the request of the defendant. At such time as the plaintiff believes the child feels comfortable with her father, the supervised visitations may CT Page 13239 be discontinued and the defendant shall have rights of reasonable visitation upon reasonable notice contingent upon the defendant's compliance with random drug testing and full compliance with the provisions of his parole.
3. The defendant shall pay child support in accordance with the Child Support Guidelines. The Family Support Magistrate shall determine the arrearage owed to the State of Connecticut and the amount of current support.
4. At such time as the plaintiff is no longer on state assistance, she shall provide medical insurance for the child under the Connecticut Husky plan. At such time as the defendant has employment, he shall provide medical insurance for the child through his employment at his expense.
5. There shall be no alimony to either party.
6. When the defendant receives any money from Amresco Mortgage Company or as a result of his fire loss in 1999, he shall pay the plaintiff $6,468 from said funds.
7. Such personal property as is in the possession of each of the parties shall be the property of the possessor free from any claim or demand by the other party.
8. Each party shall be responsible for her or his own liabilities and shall indemnify and hold harmless the other party from any claim or demand thereon.
9. The plaintiff shall have restored to her her maiden name of Murray and shall hereafter be known as Sarah C. Murray.
10. The action brought by Mr. Suner for custody and visitation is denied except to the extent visitation is granted in the dissolution action.
Judgment shall enter on both complaints in accordance with the above orders.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE CT Page 13240